UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ERICK IVAN CROFT,<br><br>     Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>     Respondent. | 5:21-CV-5056-KES<br><br>REPORT AND RECOMMENDATION REGARDGING PLAINTIFF'S PETITION (DOC. 1) |

## INTRODUCTION

Petitioner, Erick Ivan Croft, is a federal inmate currently incarcerated at the federal penitentiary in Pollock, Louisiana. This matter is before the court on Petitioner Erick Ivan Croft's *pro se* petition as a self-described "Jurisdictional Challenge 2241." (Doc. 1). The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and United States District Judge Jeffrey L. Viken's Standing Order dated April 1, 2018.

The court has taken judicial notice of the file in Mr. Croft's underlying criminal conviction from the United States District Court, District of South Dakota, United States v. Croft, 5:08-cr-50136, and his previous § 2255 habeas corpus petition in this district, Croft v. United States, 5:11-cv-05073.

## FACTS

Mr. Croft was first charged by Indictment on December 11, 2008. United States v. Croft, 5:08-cr-50136 at (Doc. 11). On January 6, 2010, a change of plea hearing was conducted in which Mr. Croft plead guilty to Count II of the

Indictment, which charged violations of 18 U.S.C. §§ 2, 922(j), and 924(a)(2), and Count III of the Indictment, which charged violations of 18 U.S.C. §§ 2, 922(i), and 924(a)(2).  Id. at (Doc. 72).  On March 23, 2010, the Honorable Richard H. Battey sentenced Mr. Croft to 120 months on each count to be served consecutively for a total term of 240 months, 3 years of supervised release on each count to be served concurrently, restitution in the amount of $8,405.00, and a $200 assessment to the Special Victims Fund.  Id. at (Doc. 75).  Mr. Croft did not file a direct appeal.

Mr. Croft's first Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 was filed on September 9, 2011.  Croft v. United States, 5:11-cv-05073 at (Doc 1).  The basis for Mr. Croft's § 2255 action was from the underlying criminal conviction in 5:08-cr-50136 wherein he argued that counsel was ineffective for failing to request the sentences run concurrently rather than consecutively, and that the district court failed to consider the factors in 18 U.S.C. § 3553 when imposing his sentence.  Id. at (Doc. 1).  Mr. Croft's first § 2255 habeas petition was denied by Judge Battey on March 22, 2012, as untimely.  Id. at (Doc. 3).  Judge Battey also concluded that counsel was not ineffective because Croft had agreed to the consecutive sentences, and that Croft's sentence was properly imposed.  Id. at (Doc. 3).

Mr. Croft made a motion to re-enter judgment on October 9, 2012, which the court construed as a motion for a certificate of appealability; that motion was denied by Judge Schreier on October 19, 2012.  Id. at (Docs. 7, 8).  Mr. Croft then appealed Judge Battey's denial of his first § 2255 habeas petition to

the Eighth Circuit Court of Appeals on November 14, 2012. Id. at (Doc. 9). The Eighth Circuit Court of Appeals denied Mr. Croft's application for a certificate of appealability and dismissed the appeal on March 29, 2013. Id. at (Doc. 13), see also Croft v. United States, No. 12-3735 (8th Cir. 2013).

Approximately seven years later, in the instant case, Mr. Croft filed a petition for "Jurisdictional Challenge 2241." (Doc. 1). A review of the document Mr. Croft has filed with the Court reveals it must be dismissed because the subject matter of the Petition is outside the boundaries of relief which may be sought through a § 2241 petition.

For the reasons discussed below, this court respectfully recommends the petition be dismissed.

## DISCUSSION

### I. Petitioner's Petition is Properly Construed as a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255

A petitioner may attack the execution of his sentence through a § 2241 petition in the district of his incarceration, but a challenge to the validity of conviction or sentence must be brought under § 2255 in the district of the sentencing court. Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002). See also Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).

> Any motion filed in the district court that imposed the sentence, and substantively within the scope of [§ 2255(a)], *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review,

> writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.  It is substance that controls.

Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (emphasis in original) (internal citations omitted).  See also Smith v. Hobbs, 490 F. App'x 833, 835 (8th Cir. 2012) (citing Melton, 359 F.3d at 857) (holding district court properly construed an otherwise titled motion as a habeas corpus application).

Although fashioned as a § 2241 motion, Mr. Croft's petition is in fact a motion to vacate, set aside or correct a sentence by a person in federal custody under 28 U.S.C. § 2255.  In his § 2241 petition, Mr. Croft argues ineffective assistance of counsel, which was raised in his initial habeas petition.  Croft, 5:11-cv-05073 (Doc. 1).  Additionally, Mr. Croft vaguely argues that he was subjected to due process violations; that he was not informed of the nature of the charges against him; and that the court and/or the prosecutor lacked subject matter and personal jurisdiction. (Doc. 1).  "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive . . . § 2255 action by purporting to invoke some other procedure."  United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005).  "Likewise, the certificate requirement under 28 U.S.C. § 2253(c)(1) may not be circumvented through creative pleading."  Id.

Section 2255(e) contains a "savings clause" which states:

> An application for habeas relief shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

4

If § 2255 is adequate or effective, then the district court lacks jurisdiction to entertain a § 2241 petition.  Hill, 349 F.3d at 1091.  The petitioner bears the burden of demonstrating § 2255 relief in the sentencing court is unavailable or ineffective.  Id.; Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004).  A petitioner's § 2255 motion is not inadequate or ineffective "merely because (1) § 2255 relief has already been denied, (2) the petition has been denied permission to file a second or successive § 2255 motion, (3) a second or successive § 2255 motion has been dismissed, or (4) the petitioner has allowed the one year statute of limitations . . . to expire."  Hill, 349 F.3d at 1091.

Mr. Croft has already raised various claims in a § 2255 motion filed in the sentencing district, but his claims were rejected by both the sentencing court and the Eighth Circuit.  The claims Mr. Croft raises in the instant § 2241 motion do not challenge the manner in which his sentence is being executed, but rather challenge the validity of the conviction or sentence itself.  Mr. Croft has failed to meet his burden to show a remedy under § 2255 is inadequate or ineffective.  Therefore, Mr. Croft's 2241 motion is properly construed as a second or successive § 2255 habeas petition and the court will review the petition under the same legal standard applicable to § 2255 petitions.

### II.   Petitioner did not Obtain an Order from the Eighth Circuit Court of Appeals Authorizing the District Court to Consider the Second or Successive § 2255 Motion

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the court to "vacate, set aside or correct" a federal sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United

5

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Before presenting a second or successive Motion to Vacate, Petitioner must obtain an Order from the United States Court of Appeals for the Eighth Circuit authorizing the district court to consider the motion. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A); Rules Governing § 2255 Cases, Rule 9.

Petitioner has failed to comply with the rules governing second or successive motions by providing no certification from the Eighth Circuit Court of Appeals to permit his current § 2255 petition. The determination whether to allow a second or successive § 2255 petition rests with the Eighth Circuit, not with this District Court. 28 U.S.C. § 2255(h). Because Petitioner has already filed a previous § 2255 petition regarding the same underlying criminal conviction, he is required to obtain the permission of the Eighth Circuit before this court may entertain his motion. Mr. Croft has failed to obtain permission from the Eighth Circuit to file a second or successive petition. Accordingly, it is proper to dismiss, with prejudice, Petitioner's present § 2255 habeas petition.

## CONCLUSION

Based on the foregoing, this court respectfully recommends that Petitioner's § 2241 petition (Doc. 1) be properly construed as a § 2255 habeas petition, and therefore, the government's motion to dismiss (Doc. 9) be granted and the petition be dismissed with prejudice.

**NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 4th day of May, 2022.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge