UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ERICH IVAN CROFT,<br><br>　　　　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Respondent. | 5:21-CV-05056-KES<br><br>MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

　　　Petitioner, Erich Ivan Croft, filed a petition *pro se* to set aside his conviction based on a "Jurisdictional Challenge 2241." Docket 1. Respondent, United States of America, opposes the motion and moves to dismiss Croft's motion. Docket 9. The motion was referred to Magistrate Judge Daneta Wollmann under 28 U.S.C. § 636(b)(1)(B). She issued a Report and recommended that the habeas petition be dismissed with prejudice. Docket 17. Croft filed objections to the report. Docket 21, 22. For the following reasons, the court grants the United States' motion to dismiss and dismisses the petition without prejudice.

　　　Although Croft filed two "Affidavits of Truth" in response to the Report and Recommendation, neither document addresses the dispositive issue articulated by Magistrate Judge Wollmann. Namely, that this court lacks jurisdiction over this matter because this is a second petition to vacate under 28 U.S.C. § 2255 and it has not been certified by a panel of the court of appeals under 28 U.S.C. § 2255(h). Under 28 U.S.C. § 2244(b)(3)(A), a second

or successive application for habeas relief can only be filed in district court if it is authorized by the court of appeals. Without authorization, the district court must dismiss the petition. 28 U.S.C. § 2244(b)(4). Because Croft previously filed a petition for habeas relief that was denied, he needs to obtain authorization from the Eighth Circuit Court of Appeals to file a second petition before this court can exercise jurisdiction over the matter.

The report recommended that the petition be dismissed with prejudice. But when a petitioner failed to receive authorization from the Court of Appeals before filing a second or successive petition challenging his custody, the district court is without jurisdiction to entertain it. *Burton v. Stewart,* 549 U.S. 147, 157 (2007). And under common law, when a suit is dismissed for "want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit." *Costello v. United States*, 365 U.S. 265, 286 (1961). Rule 41(b) of the Federal Rules of Civil Procedure did not change this common-law principle with respect to dismissal where the merits could not be reached. *Id.* Because the court did not reach the merits of Croft's claim, this petition is dismissed without prejudice.

In the alternative, to the extent Croft attempted to fashion his petition as a request for relief under 28 U.S.C. § 2241, this court does not have jurisdiction to address his issues. Croft is currently incarcerated in Pollock, Louisiana according to the return address on his Affidavit of Truth. Docket 21 at 5. Requests for relief under § 2241 must be filed in the district court for the district wherein such person is in custody. 28 U.S.C. § 2241(d); *United States v.*

*Leath*, 711 F.2d 119, 120 (8th Cir. 1983). Because Croft is not held in custody in South Dakota, this court would have no jurisdiction over his request for relief, if it in fact seeks relief under § 2241.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2255 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). The court finds that Croft has not made a substantial showing that his claim is debatable among reasonable jurists, that another court could resolve the issues raised in that claim differently, or that a question raised by that claim deserves further proceedings. Consequently, a certificate of appealability is denied.

## CONCLUSION

Croft did not obtain permission from the Eighth Circuit Court of Appeals to file a successive petition for relief under 28 U.S.C. § 2255. As a result, this

court does not have jurisdiction to consider his petition and it is dismissed without prejudice. Thus, it is

ORDERED that the Report and Recommendation (Docket 17) is adopted in full, except that the petition is dismissed without prejudice.

IT IS FURTHER ORDERED that Croft's "Jurisdictional Challenge 2241" (Docket 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that the United States's motion to dismiss (Docket 9) is granted.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

Dated June 9, 2022.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE